UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :

UNITED STATES OF AMERICA
                                                            :       CONSENT PRELIMINARY ORDER
              - v. -                                       OF FORFEITURE AS TO
                                                            :       <u>SPECIFIC PROPERTY</u>

WESLEY MACKOW,
                                                            :       S1 20 Cr. 114 (LJL)

         Defendant.
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                WHEREAS, on or about September 9, 2021, WESLEY MACKOW (the "Defendant"), was charged in a two-count Superseding Information, S1 20 Cr. 114 (LJL) (the "Information"), with travel with intent to engage in illicit sexual conduct, in violation of Title 18, United States Code, Sections 2423(b) and 2423(e) (Count One); and possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(b)(2), and 2 (Count Two);

                WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2428, of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

                WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253, of any and all property, real and personal, constituting or traceable to gross

profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of the offense charged in Count Two of the Information or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information, and the following specific property, seized at the time of Defendant's arrest on or about December 16, 2019:

      a) One iPhone 8 Plus (Serial Number F2LWL2ZFJWLM); and

      b) One Apple iPad Air 2 (Serial Number DMPRQZGEG5vJ);

(a. and b., collectively the "Specific Property");

WHEREAS, on or about September 9, 2021, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 2428 and 2253, respectively, all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used or intended to be used to commit or facilitate the commission of the offenses charged in Counts One and Two of the Information to which the Defendant pled guilty;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due

diligence, with the exception of the Specific Property, which was used or intended to be used to commit or facilitate the commission of the offenses charges in Counts One and Two of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Mitzi S. Steiner of counsel, and the Defendant, and his counsel, Clay Kaminsky, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, WESLEY MACKOW, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *[signature]*                          6/9/22
MITZI S. STEINER                    DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2284


WESLEY MACKOW

By: *[signature]*                          6/13/22
WESLEY MACKOW                    DATE


By: *[signature]*                          6/13/2022
CLAY KAMINSKY, ESQ.            DATE
Attorney for Defendant
52 Duane Street, 10th Fl.
New York, NY 10007


SO ORDERED:

*[signature]*                              6/13/2022
HONORABLE LEWIS J. LIMAN    DATE
UNITED STATES DISTRICT JUDGE